IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01095–REB–KMT

ROBURT SALLIE, an individual,

    Plaintiff,

v.

SPANISH BASKETBALL FEDERATION, a business entity, and
CLUB BASQUET TARRAGONA, a business entity,

    Defendants.

## ORDER

This matter is before the court on "Defendant's Unopposed Motion for Stay of Merits Disclosure and Discovery Pending Resolution of Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. No. 36 [Mot.], filed September 16, 2013).

**BACKGROUND**

Plaintiff initiated this action on April 12, 2013, alleging an unidentified person told media outlets that Plaintiff had taken "ExtenZe," a male enhancement product, and that Plaintiff was dismissed from his Spanish league team, co-defendant Club Basquet Tarragona for failing a drug test. (*See* Doc. No. 1.) Plaintiff asserts claims of false light, slander, libel, intentional infliction of emotional distress, and negligence against the defendants. (*See id.*) Defendant

Spanish Basketball Federation ("FEB") responded to the Complaint by filing a motion to dismiss for lack of personal jurisdiction. (Doc. No. 29.)

Defendant FEB now moves for a stay pending resolution of the jurisdictional issues raised in its motion to dismiss. (Mot.) Defendant FEB argues it will suffer substantial burden and hardship if it is obligated to proceed with initial disclosures or engage in discovery on the merits despite the absence of minimum contacts with Colorado. (*Id.* at 2.)

**DISCUSSION**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant FEB seeks protection from the burdensome expense of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar.2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the court's determination: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not

parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the court finds that a stay of discovery is appropriate. With respect to the first two factors, the court balances Plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. Here, Plaintiff does not oppose the stay.

Defendant has filed a motion to dismiss all claims against it for this Court's lack of personal jurisdiction. Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See, e.g., Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). In particular here, "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident*, LLC, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the court finds that any potential harm to Plaintiff is outweighed by the burden on Defendant FEB resulting from preparing experts and conducting and responding to discovery while the motion to dismiss is pending.

The third factor weighs in favor of a temporary stay. If the motion to dismiss is granted, the case against this defendant will be fully resolved; thus, staying the matter temporarily

furthers the interests of judicial economy and efficiency.[1]  Additionally, consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position.  The court does not perceive any impact on the interests of non-parties or the public from a stay of discovery in this case.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the court finds that a stay of discovery is justified and will be imposed in this case.

**CONCLUSION**

Accordingly, for the reasons stated above, it is

**ORDERED** that "Defendant's Unopposed Motion for Stay of Merits Disclosure and Discovery Pending Resolution of Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. No. 36) is **GRANTED**.  Merits disclosure, discovery and other case obligations are **STAYED** pending a ruling on the Motion to Dismiss for Lack of Personal Jurisdiction.  It is further

**ORDERED** that the Scheduling Conference set for September 24, 2013, is **VACATED**, to be reset, if necessary, after ruling on the Motion to Dismiss for Lack of Personal Jurisdiction**.**

Dated this 17th day of September, 2013**.**

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] There is no indication Club Basquet Tarragona has been served.