IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01095–REB–KMT

ROBURT SALLIE, an individual,

    Plaintiff,

v.

SPANISH BASKETBALL FEDERATION, a business entity, and
CLUB BASQUET TARRAGONA, a business entity,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court on "Defendant Spanish Basketball Federation's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure" (Doc. No. 29 [Mot.], filed June 7, 2013). Plaintiff filed his response on July 1, 2013 (Doc. No. 31 [Resp.]), and Defendant filed its reply on July 12, 2013 (Doc. No. 32 [Reply]). The motion is ripe for recommendation and ruling.

### FACTUAL BACKGROUND

The following allegations are taken from Plaintiff's Complaint (Doc. No. 1 [Compl.]). Plaintiff states he is a professional basketball player and has sought employment with a professional basketball team. In about September 2011, a sports agent contacted Plaintiff with an offer to play professional basketball in Spain. Plaintiff alleges the contract was with

Defendant Club Basquet Tarragona ("Tarragona"), which is a part of the Spanish Basketball Federation ("FEB").

Plaintiff began playing professional basketball for Tarragona in September 2011. On about November 8, 2011, Tarragona conducted a random drug test of Plaintiff. The test was administered under FEB's anti-doping policy. Prior to taking the test, Plaintiff completed a form that required him to list any substances or medications that he was taking that were unknown to the team physician. Plaintiff completed the form and listed DayQuil and an "unknown pill," which Plaintiff states was an "all-natural male enhancement pill that Plaintiff had been offered the previous day by a teammate."

In about December 2011, Plaintiff was asked by Tarragona if he had consumed ExtenZe, a male enhancement pill that contains dehydroepiandrosterone ("DHEA"), a substance banned by the FEB. Plaintiff denied taking ExtenZe and shortly thereafter confirmed that the "unknown pill" he had taken was Black Ant, an all-natural male enhancement pill that does not contain DHEA.

In mid- to late-December 2011, Plaintiff's employment with Tarragona ended, and Plaintiff returned to Sacramento, California. Plaintiff alleges that, in or about February 2012, Defendants informed the media that Plaintiff's contract with Tarragona was terminated because Plaintiff had consumed ExtenZe. The allegedly false story appeared on multiple websites. Plaintiff alleges the dissemination of the allegation concerning Plaintiff's use of ExtenZe has damaged his professional reputation and employment opportunities as a professional athlete.

Plaintiff asserts claims for False Light, Slander, Libel, Intentional Infliction of Emotional Distress, and Negligence.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint " 'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.' " *Wenz*, 55 F.3d at 1505 (quoting *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state." Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

## ANALYSIS

Defendant FEB argues that Plaintiff's claims against it must be dismissed because this Court lacks personal jurisdiction over it. In a diversity action, a federal court has personal jurisdiction over a defendant if jurisdiction is consistent with the state's long-arm statute and if jurisdiction does not violate the due process clause of the Fourteenth Amendment. *Benton v.*

*Cameco Corp.*, 375 F.3d 1070, 1074–75 (10th Cir. 2004).  The Colorado long-arm statute, Colo. Rev. Stat. § 13–1–124, has been construed to extend jurisdiction to the full extent of the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir.2005); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of specific jurisdiction or general jurisdiction.

*Specific Jurisdiction*

For specific jurisdiction, the defendant must have sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend "traditional notions of fair play and substantial justice."  *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987).  The minimum contacts must show that "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State."  *Id.* at 109 (quotations omitted).  The contacts with the forum must make being sued there foreseeable so that the defendant could "reasonably anticipate" the suit.  *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In support of its motion, defendant includes an affidavit executed by Luis Gimenez Martinez. (Mot., Ex. A [Martinez Aff.].)  Mr. Martinez states the following: He is the Secretary

General of the Spanish Basketball Federation, an entity located in Madrid, Spain, and organized under the laws of the Kingdom of Spain (Martinez Aff., ¶¶ 2, 4); FEB does not have any employees in the United States and does not conduct operations within the United States. (*id.*, ¶ 5); FEB does not file tax documents or tax returns in the United States or in Colorado (*id..*, ¶ 6); FEB has not filed any lawsuits in the United States and is not a party to any lawsuits in the United States, other than this case (*id.*, ¶ 7); FEB does not regularly conduct any business within the State of Colorado (*id.*, ¶ 8); and FEB has had no contact or interactions within Colorado related in any way to the Plaintiff, Roburt Sallie (*id.*, ¶ 9).

The court agrees with Defendant that neither the quality nor the quantity of FEB's contacts with Colorado justifies the exercise of specific jurisdiction. Plaintiff's only unsupported allegation to connect FEB with Colorado is the allegation of business contact with USA Basketball, which is located in Colorado Springs, Colorado. (Compl., ¶ 8.)  However, there is no factual basis to show that FEB "purposefully directed its activities at residents of the forum." The alleged acts that gave rise to the Complaint occurred in Spain, outside of both Colorado and the United States.  (Compl., ¶¶ 17–25.)  There is no allegation that FEB was acting in any way towards Colorado residents.  There is no allegation of any contract or agreement between USA Basketball and FEB.  There is no allegation that the acts forming the basis for Plaintiff's causes of action were related in any way to any contact between FEB and USA Basketball.  Even if there were such an allegation, such a limited arrangement, without more, is insufficient to establish personal jurisdiction over a nonresident defendant.  As the Supreme Court made clear, "[i]f the question is whether an individual's contract with an out-of-state party alone can

automatically establish sufficient minimum contacts in the other party's home forum . . . the answer clearly is that it cannot." *Burger King Corp., v. Rudzewicz*, 471 U.S. 462, 478 (1985).

Plaintiff's Complaint has offered no facts even suggesting that FEB maintains any contacts in Colorado, or that any such contacts gave rise to this action. As such, Plaintiff has not met its burden to show that this Court has specific jurisdiction over FEB. *See Trujillo v. Williams*, 456 F.3d 1210, 1220 (10th Cir. 2006) ("[I]t is the defendant's contacts with the forum state that are of interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum.") (quoting *Inst'l Food Mktg. Assocs., Ltd. v. Golden State Strawberries*, 747 F.2d 448, 456 (8th Cir. 1984).

*General Jurisdiction*

General jurisdiction may exist in the absence of specific jurisdiction. General jurisdiction requires that a defendant have contacts with the forum "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, — U.S. —, 131 S. Ct. 2846, 2851 (2011) (quotations omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006) (general jurisdiction requires " 'continuous and systematic' general business contacts with the forum state" (quoting *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984)). Unlike for specific jurisdiction, the litigation need not arise from the defendant's activities in the forum. *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012). However, "because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test." *OMI Holdings, Inc.*, 149 F.3d at 1091.

In this case, Plaintiff has not alleged any facts demonstrating that FEB has engaged in the kind of systematic, continuous business activity that would support general jurisdiction in Colorado.  *See Shepherd v. U.S. Olympic Comm.*, 94 F. Supp. 2d 1136, 1141 (D. Colo. 2000) (contacts insufficient to assert general jurisdiction when nonresident was not incorporated in Colorado, not qualified to conduct business in Colorado, has no offices or employees residing in Colorado, and maintains no bank accounts, telephone listings, or mailing addresses in Colorado). FEB is not incorporated in Colorado, is not qualified to conduct business in Colorado, has no office or employees residing in Colorado, and conducts no business in Colorado.  (Martinez Aff,, ¶¶ 5–9.)  FEB does not have sufficient contacts with the United States, much less Colorado, sufficient for this Court to exercise general jurisdiction.  Accordingly, Plaintiff has failed to meet its burden of establishing personal jurisdiction over Defendant FEB.  *OMI Holdings, Inc.*, 149 F.3d at 1091.

Because the court finds that neither specific nor general jurisdiction has been established, Plaintiff has failed to make a *prima face* showing of personal jurisdiction over defendants. Therefore, Plaintiff's claims against Defendant Spanish Basketball Federation should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant Spanish Basketball Federation's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure" (Doc. No. 29) be **GRANTED** and that the claims against Defendant Spanish Basketball Federation be dismissed without prejudice for lack of jurisdiction.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge