IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01095–REB–KMT

ROBURT SALLIE, an individual,

    Plaintiff,

v.

SPANISH BASKETBALL FEDERATION, a business entity, and
CLUB BASQUET TARRAGONA, a business entity,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court *sua sponte* on Plaintiff's failure to serve Defendant Club Basquet Tarragona pursuant to Fed. R. Civ. P. 4(m).

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his Complaint on April 24, 2012. (Doc. No. 1.) Plaintiff was granted three extensions of time to serve the defendants. (*See* Doc. Nos. 14, 22, 26.) On April 22, 2013, Plaintiff requested and was granted an extension to August 22, 2013, to serve the defendants. (*See* Doc. Nos. 24, 26.) On September 17, 2013, this court issued an Order to Show Cause why the claims against Defendant Club Basquet Tarragona should not be dismissed without

prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.  (Doc. No. 39.)

Plaintiff responded to the Order to Show cause on October 7, 2013, advising he had been unable to serve the defendant but that he had retained a company in Spain to effectuate service.  (Doc. No. 40.)  On February 20, 2014, this court issued a Minute Order requiring Plaintiff to file a status report to advise if the defendant had been served.  (Doc. No. 41.)  On February 21, 2014, Plaintiff filed his Status Report advising that, despite extensive efforts to locate and serve the defendant, Plaintiff has not been able to effectuate service.  Plaintiff has not requested additional time to serve the defendant and has failed to show good cause why service has not been effected nearly two years after the case was filed.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve.  Here, Plaintiff has failed to provide good cause for his failure to serve Defendant Club Basquet Tarragona.  As such, Plaintiff's claims against Defendant Club Basquet Tarragona properly are dismissed.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendant Club Basquet Tarragona be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge