**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01095-REB-KMT

ROBURT SALLIE, an individual,

    Plaintiff,

v.

SPANISH BASKETBALL FEDERATION, a business entity, and
CLUB BASQUET TARRAGONA, a business entity,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#43],[1] filed February 25, 2014; and (2) the **Recommendation of United States Magistrate Judge** [#44], filed February 25, 2014. No objections having been filed to the recommendations, I review them only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).

Finding no error, much less plain error, in the magistrate judge's recommended disposition, I find and conclude that recommendations should be approved and adopted. Plaintiff has failed to show that this court has personal jurisdiction over

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

defendant Spanish Basketball Federation.  Plaintiff has not even attempted to make a case for specific jurisdiction in this case, and his assertion of general jurisdiction – premised on general business dealings between defendant and the Colorado Springs-based USA Basketball – is wholly without merit.  Nothing in the contacts alleged admits of an attempt on defendant's part to purposefully avail itself of the privilege of doing business in Colorado.  The mere fortuity that USA Basketball is located in Colorado plainly is insufficient to create personal jurisdiction here.

Nor has plaintiff shown good cause for his protracted failure to serve the remaining defendant, Club Basquet Tarrogona.  Plaintiff acknowledges that he has been unable locate this defendant to effectuate service and has not requested additional time to do so or shown good cause why this defendant remains unserved nearly two years after this lawsuit was filed.

Accordingly, I agree with the magistrate judge's conclusion that plaintiff's claims, and this lawsuit, should be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#43], filed February 25, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Recommendation of United States Magistrate Judge** [#44], filed February 25, 2014, also is **APPROVED AND ADOPTED** as an order of this court

3. That **Defendant Spanish Basketball Federation's Motion To Dismiss For Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure** [#29], filed June 7, 2013, is **GRANTED**;

      4. That plaintiff's claims against defendant Spanish Basketball Federation are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum;

      5. That plaintiff's claims against defendant Club Basquet Tarrogona are **DISMISSED WITHOUT PREJUDICE** for failure to timely effectuate service of process;

      6. That judgment without prejudice **SHALL ENTER** on behalf of defendants, Spanish Basketball Federation and Club Basquet Tarrogona, against plaintiff, Roburt Sallie, as to all claims and causes of action asserted against them herein; and

      7. That this case is **DISMISSED**.

Dated March 20, 2014, at Denver, Colorado.

                                          **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge